ROY NOBLE LEE, Chief Justice,
for the Court:
John Herman Breland has appealed to this Court from the decision of the Special Tribunal in Stone County, Mississippi, entered November 2, 1987, finding Breland unqualified for the Democratic Party nomination to the office of Supervisor, District 4, Stone County, Mississippi, and declaring Orbin S. Mallett the nominee.

Facts

The record and finding of the tribunal reflect that on and prior to August 25, 1987, Breland was a member of the Stone County Democratic Party Executive Committee. On July 16, 1987, he tendered a letter requesting leave of absence for the period commencing August 1, 1987, and ending October 31,1987, to the Stone County Democratic Party Executive Committee in order that he might run for the Democratic Party nomination for the office of Supervisor, District 4, Stone County, Mississippi. Prior to August, 1987, he actively served as a member of the Stone County Democratic Party Executive Committee.[1]
Breland and Mallett were the two candidates on the ballot for the August 25,1987, second primary election, for the Democratic Party nomination. The canvass of votes reflected 515 votes for Breland and 496 votes for Mallett, which indicated Breland to be the Democratic Party nominee. On September 14, 1987, Mallett filed an election contest with the Stone County Democratic Party Executive Committee, contending that Breland had been improperly certi-fled as a candidate because he “was ... a duly elected, qualified and acting member of the Stone County Democratic Party Executive committee and served as such during the August, 1987, Democratic Primary Elections, attending meetings, assisting in conduct of the election and, on Thursday night, the 27th day of August, 1987, sat as a member of the committee at and during the canvass of votes for the August 25, 1987, Second Democratic Primary Election up until and through the time that votes and ballots of the District Four Supervisor’s Election were considered, handling such ballots and election paraphernalia with his own hands.”
The Stone County Democratic Party Executive Committee heard the contest and, on September 22,1987, certified Breland as the Democratic Party nominee for the office of Supervisor, District 4, Stone County, Mississippi. On October 5, 1987, Mallett filed a petition for judicial review in the Circuit Court of Stone County. He contended that he either be declared the Democratic Party nominee for the office, or be granted a new primary election. On October 12, 1987, pursuant to the order of this Court, a special election tribunal was convened, composed of Honorable Robert H. Oswald, Chancellor, presiding, and the Stone County Election Commissioners. Miss. Code Ann. § 23-15-929 (Supp.1987).
The tribunal heard and considered the contest on November 2, 1987, disqualified Breland, and declared Mallett the Democratic Party nominee. The tribunal, with all five election commissioners being in agreement, found that Breland was a member of the Stone County Democratic Party Executive Committee at all times in question, and that the document tendered in support of a leave of absence actually had no effect due to Breland’s conduct as shown by the evidence.

Question

Breland has assigned five (5) errors in the proceeding before the tribunal. We *631 have carefully examined them and find that they are without merit. We address only the question of whether or not Breland was disqualified to seek the Democratic Party nomination for Supervisor, District 4, Stone County, Mississippi, on account of his connection with the Stone County Democratic Party Executive Committee.
Excerpts from the opinion of the tribunal follow:
We have a statute that says, and one of the lawyers was quoting it here today, that the duties and responsibilities and penalties that apply to the Election Commission shall equally apply to the executive committees of the political parties.
* * * * * *
The Democratic Executive Committee, in the conduction of primary elections, performs all of the functions that the Election Commission performs in conducting the general elections. They [sic] functions are, in that sense, identical.
* * * * * *
It is long established law in this state that the primary election process is an integral part of the total scheme of elections in this state. And as an integral part, it is just as integral as the general election.
******
The purpose of the Meeks v. Tallahatchie decision, as I can understand it, was to aim in the direction of guaranteeing to the present generation of Americans who live in Mississippi that the election process in this state will be a hallmark of integrity, and that it will be beyond question. And that when elections are conducted in this state, that the citizens can feel confident that they have been conducted in a proper manner. And to remove any question of impropriety, or the appearance of impropriety.
******
Accordingly, this Court concludes that the penalty clause of the statute which prohibits a member of the Election Commission from being a candidate during the term of their office as election commissioner equally applies to a person who was a member of the Democratic Executive committee of Stone County, Mississippi.
Having concluded that Mr. Breland was indeed a member of the Democratic Executive Committee for the term 1984 through 1988, it is the ruling of the Court that prohibition applies as against him.
Mississippi Code Annotated § 23-15-217 (Supp.1987) provides in part:
A commissioner of election of any county shall not be a candidate for any office at any election for which he may have been elected or with reference to which he has acted as such; and all votes cast for any such person at such election shall be illegal and shall not be counted....
Mississippi Code Annotated § 23-15-263 (Supp.1987) provides in part:
The county executive committee at primary elections shall discharge the functions imposed upon the county election commissioners.... and shall be subject to all the penalties to which county election commissioners are subject.
In the recent case of Meeks v. Tallahatchie County, 513 So.2d 563 (Miss.1987), this Court held that an election commissioner who resigned as such commissioner pri- or to qualifying for office was disqualified to run for the office pursuant to § 23-15-217, supra. In the present case, Breland did not resign as a member of the Stone County Democratic Party Executive Committee and, in support of the tribunal’s decision, the record reflects that Breland continued to function as a member of the Committee even up to and including the canvass of votes in the election in which he was a candidate.
The election process must be kept untainted and unsoiled. It must be like Caesar’s wife, “beyond suspicion.” We are of the opinion that § 23-15-263 incorporates the prohibitions of § 23-15-217, and that both sections were enacted to maintain and preserve the integrity of elections and ballot boxes.
The decision of the Special Tribunal is affirmed, but, as in Meeks v. Tallahat- *632 chie County, supra, this decision shall have no effect upon any elections held prior to January 1, 1988, but shall thereafter be wholly enforceable.
AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, PRATHER, SULLIVAN, ANDERSON and ZUCCARO, JJ., concur.
GRIFFIN, J., not participating.

. The deadline for candidate qualification for the Democratic Party primary was June 5,1987. Obviously Breland qualified and was running for the office prior to his July 16, 1987, request for a leave of absence.